May 8, 2024

**Via ECF**
Hon. Philip M. Halpern
Federal Building and Courthouse
300 Quarropas Street, Room 530
White Plains, New York 10601

      Re:   *PKF O'Connor Davies LLP v. Frank Giordano, III,*
              Case No. 7:23-cv-04898 (S.D.N.Y)

Dear Judge Halpern:

We represent plaintiff PKF O'Connor Davies, LLP ("PKFOD") and defendant Frank Giordano, III ("Giordano") in the above-referenced matter. We write pursuant to Rule 4(D) of Your Honor's Individual Practices to bring a discovery dispute to the attention of the Court. Specifically, PKFOD seeks to compel Giordano pursuant to Federal Rule of Civil Procedure 37(a)(1) and (a)(3)(B)(iv) to re-produce his document production in unredacted form. Giordano opposes this relief.

The parties attempted, without s[uccess, to resolve this dispute via a] meet and confer call held on April 30, [2024.] The participants were: Michael Reed [and] Giordano. The parties' respective positi[ons are set forth below.]

**I.    PKFOD's Position**

The Court should compel Gior[dano to re-produce his documents in unredacted] form.

The Complaint in this case al[leges that Giordano breached his restrictive] covenant by working for or soliciting PKFOD's clients. Third-party discovery reflects that Giordano received compensation for work he performed for PKFOD clients, and also for his

---

*[Stamped order overlay:]*

Application granted. A conference is scheduled for May 21, 2024 at 2:45 p.m. concerning the matters raised in the parties' joint letter (Doc. 36). The conference will be held in-person in Courtroom 520 of the White Plains courthouse.

The Clerk of Court is respectfully directed to terminate the motion sequence pending at Doc. 36.

SO ORDERED.

_____
Philip M. Halpern
United States District Judge

Dated:  White Plains, New York
          May 9, 2024

efforts to solicit clients away from PKFOD. Accordingly, there is no genuine dispute as to liability.

PKFOD served document requests on Giordano on December 28, 2023. Giordano was given two courtesy extensions but still failed to produce documents. On April 8, 2024, the Court ordered Giordano to produce all responsive documents by April 22, 2024. The Court ruled that Giordano had waived his objections to PKFOD's demands. On April 22, 2024, Giordano produced documents, including redacted tax returns and redacted bank statements. In the tax returns, Giordano redacted relevant income, expense, and profit or loss information. And in the bank statements, Giordano only provided deposit information from four entities. He redacted all other payors and payment amounts from the statements. Because of this PKFOD is unable to determine whether Giordano received additional payments in violation of his restrictive covenant.

During a meet and confer held on April 30, 2024, PKFOD requested that Giordano produce these documents in unredacted form. Giordano refused. After additional discussions, Giordano did re-produce some documents with fewer redactions on May 7, 2024. But the tax return and bank statement redactions discussed above persist. The Court should compel Giordano to produce unredacted documents for two reasons.

First, Giordano's tax returns and bank statements are relevant to liability and damages. These documents reflect the source of the payments Giordano received, as well as the amount of those payments. The source of the payments is relevant to liability because it helps establish whether Giordano violated his restrictive covenant, either by working for PKFOD clients or competitors, or by receiving income solicitating PKFOD clients. The amount of the payments is

relevant to damages because it establishes how much Giordano earned by violating his restrictive covenant.

Second, Giordano's redactions violate this Court's order. Because Giordano had not produced discovery responses almost two and a half months after they were due, the Court ruled that Giordano had waived his objections. Giordano was, thus, required to produce documents responsive to PKFOD's document requests. Those requests called for the documents themselves, not redacted versions of the documents. While Giordano might have been permitted to redact documents in accordance with a valid objection, Giordano forfeited the ability to make any such objection. Thus, Giordano must produce unredacted documents.

Finally, while Giordano's privacy concerns are irrelevant to the analysis since he waived any objections based on privacy, it bears noting that any privacy concern is addressed by the Confidentiality Order stipulated to by the parties.

Accordingly, PKFOD seeks leave to move to compel Giordano to produce his documents in unredacted form.

## II. Giordano's Position

First, defendant would like to respond to plaintiff's characterization that there is no genuine dispute that he violated the restrictive covenant. Plaintiff adamantly denies that he violated the terms of the restrictive covenant with his former firm Judelson, Giordano & Seigel ("JGS"). Second, and more importantly, Plaintiff has failed to produce any evidence that defendant violated the Defend Trade Secrets Act- the only basis for federal jurisdiction in the complaint. Lastly, the Federal Trade Commission's ("FTC") recent ruling announced on April 23, 2024, bans the enforcement of restrictive covenant non-compete clauses that plaintiff is attempting to enforce here. (16 C.F.R. Part 910)

All parties are familiar with Rule 26(b)(1) of the Federal Rules of Civil Procedure governs the scope of discovery in federal court cases. Under Rule 26(b)(1), a party is entitled to discover "nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." FED. R. CIV. P. 26(b)(1).

"Information is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action. Still, relevant information must be "reasonably proportional to the value of the requested information, the needs of the case, and the parties' resources." *Huggins v. Chestnut Holdings Inc.*, 2019 WL 2616252, at *2 (S.D.N.Y. June 25, 2019. Proportionality, which "focuses on the marginal utility of the discovery sought," goes hand-in-hand with relevance, such that "the greater the relevance of the information in issue, the less likely its discovery will be found to be disproportionate." *Vaigas*, 2016 WL 616386, at *14.

Further, "[t]he party seeking discovery must make a *prima facie* showing that the discovery sought is more than merely a fishing expedition." *See, Citizens Union of City of New York v. Attorney Gen. of New York*, 269 F. Supp. 3d 124, 139 (S.D.N.Y. 2017); ("The party seeking discovery bears the initial burden of proving the discovery is relevant."); *Mandell v. The Maxon Co., Inc.*, 2007 WL 3022552, at *1 (S.D.N.Y. Oct. 16, 2007) ("[T]he party seeking discovery bears the burden of initially showing relevance.").

### A. Plaintiff's Demand for Production of the Unredacted Tax Returns Should be Denied.

Defendant provided tax returns, bank statements, W-2s and 1099s. The only redactions on the W-2s and 1099s were the social security numbers and Tax Payer Identification Numbers. (FG 00021-23; 27-28) The unredacted information on the tax returns, W-2s and bank statements show the income received from the third parties that plaintiff was seeking. The

information on the redacted returns is consistent with the 1099s, W-2s and financial records receive by plaintiff in response to non-party subpoenas. There is no relevant or discoverable information on the tax returns that plaintiff needs. The demand for the unredacted tax returns is a fishing expedition.

Courts are generally reluctant to order the production of personal financial documents and have imposed a heightened standard for the discovery of tax returns. *See Chen v. Republic Rest. Corp.* 2008 WL 793686 at *2 (S.D.N.Y. Mar. 26, 2008) (holding that "[a]lthough tax returns are not privileged documents, Court[s] are reluctant to order their discovery in part because of the 'private nature of the sensitive information contained therein, and in part from [sic] the public interest in encouraging the filing by taxpayers of complete and accurate returns'"). A party seeking to compel production of tax returns in civil cases must meet a two-part showing: "(1) the returns must be relevant to the subject matter of the action and (2) there must be a compelling need for the returns because the information is not 'otherwise readily obtainable.'" *Carmody v. Village of Rockville Centre*, 2007 WL 2042807 at *2 (E.D.N.Y. July 13, 2007) (citing *United States v. Bonanno Family of La Cosa Nostra*, 119 F.R.D. 625, 627 (E.D.N.Y. 1988)). Here, Plaintiff has failed to meet the higher threshold required for the Court to compel the production of unredacted tax returns. All relevant discoverable information has been provided in the redacted tax returns. There is no marginal utility for the information sought in the unredacted tax returns. As such, Defendant respectfully requests that plaintiff's motion to compel be denied.

Very truly yours,

YANKWITT LLP

By: /s/ Michael H. Reed
Michael H. Reed
*Attorneys for Plaintiff PKF O'Connor Davies, LLP*

HODGES WALSH & BURKE LLP

By: _/s/ Michael K. Burke____
Michael K. Burke
*Attorneys for Defendant Frank Giordano, III*